UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARY RUSHING, as the
Administrator and on Behalf of the
Estate of ROBERT COON, and
MARY RUSHING, individually,

    Plaintiffs,

    v.

FRANKLIN HILLS HEALTH
& REHABILITATION CENTER,

    Defendants.

NO. **CV-11-0471-LRS**

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND & REMAND**

**BEFORE THE COURT** is the following motion: Plaintiffs' Motion To Amend and To Remand (ECF No. 4), filed on January 18, 2012 and noted without oral argument.

    A.    Plaintiffs' Motion to Amend/Remand

This civil tort action was commenced against a nursing home doing business in Spokane currently identified as Franklin Hills Health & Rehabilitation Center (Franklin Hills) in Spokane County Superior Court (Cause Number 11-2-04875-1) filed on November 11, 2011. The Summons and Complaint were served on Linda Evans, Administrator for Franklin Hills by personal service on December 12, 2011. Defendant filed an Answer. A Notice of Removal from state court to this Court was served on plaintiffs' counsel on December 23, 2011, based on alleged diversity of citizenship. As part of plaintiffs' motion for remand, plaintiffs are also seeking

**ORDER GRANTING MOTION
TO AMEND/REMAND -1**

to amend the complaint to add three additional defendant nurses, all residents of Washington according to the proposed Amended Complaint for Damages. (ECF No. 4-3).

Plaintiffs seek leave to amend their complaint in order to add non-diverse defendants and employees of Franklin Hills, Melissa Chartrey, R.N., Surilla Pool, R.N., and the Director of Nursing, as it is their alleged conduct that form the basis for liability in this case. Plaintiffs rely on Fed.R.Civ.P. Rules 15 and 20. Plaintiffs additionally explain 28 U.S.C. §1447(e) provides that if, after a case is removed, a plaintiff seeks to join non-diverse defendants whose joinder would destroy diversity, the district court may permit or deny, in its discretion, joinder. If joinder is permitted, diversity jurisdiction no longer exists and in the absence of some other basis for subject matter jurisdiction, the court must then remand the case back to state court.

Plaintiffs also argue that other than stating that Franklin Hills is a wholly owned subsidiary of Extendicare, defendant Franklin Hills has offered no proof that its "nerve center" is its Delaware headquarters for Extendicare. Plaintiffs maintain that utilizing the "nerve center" tests set forth in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010), the direction, control and coordination of the health care of residents at Franklin Hills occurs locally and daily by the Director of Nursing and other treatment providers. Plaintiffs conclude, Franklin Hills is a non-diverse citizen which also requires remand back to state court.

Defendant responds that the proposed amendment of the complaint to add non-diverse, individual nursing staff at Franklin Hills is an attempt to destroy diversity in this litigation and the motion should be denied. Defendant further argues that Franklin Hills is the registered trade name of a foreign corporation, whose principal place of business is in Wisconsin, which establishes diversity jurisdiction. Moreover, plaintiffs' proposed amendment includes non-necessary

parties for whom the defendant is vicariously liable, and who are unnecessary to resolution of plaintiffs' claims.

Plaintiffs reply that Fed. R. Civ. P. 15(a) allows for liberal amendment of pleadings and contrary to what defendant argues, the Affidavit of Dylan Mann (Vice President and Controller for Extendicare Homes) is not sufficient to establish corporate citizenship pursuant to *Hertz*. The *Hertz* court rejected a comparable declaration finding the document to be self serving requiring remand for further fact finding. Moreover, plaintiffs reply, even if Extendicare's corporate headquarters in Milwaukee govern board activities and administrative functions, the Mann Affidavit fails to provide any information establishing that the corporate office is involved in day to day supervision, oversight or decision-making involving nurses providing patient care and services to Spokane nursing home residents. ECF No. 8. Plaintiffs conclude that at the very least, further fact-finding is necessary on this issue of defendant's corporate citizenship.

Plaintiffs further assert in reply that the case *Roble v. Roundup Corp*., 148 Wn.2d 35, 52-53, 59 P.3d 611 (2002) relied upon by defendant to establish that the employers underlying tort will render the employer vicariously liable, is only applicable if the employee was acting within the scope of his or her employment. Because discovery has not yet started, plaintiffs state there is no reasonable way to determine what the evidence will show with respect to the conduct involved. Should the evidence later show that the employees (sought to be added through amendment) were not acting within the scope of their employment, the plaintiffs would be significantly prejudiced.

B.   Legal Standards

"Under the Federal Rules of Civil Procedure, leave to amend should be freely granted when justice so requires." *M/V American Queen v. San Diego Marine Constr. Corp*., 708 F.2d 1483, 1492 (9th Cir.1983). "This strong policy

**ORDER GRANTING MOTION
TO AMEND/REMAND -3**

toward permitting the amendment of pleadings, however, must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

When a case is removed from state court, a district court must remand the case if it determines that it lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). There is a "strong presumption" against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992), and any uncertainties are to be resolved in favor of remand. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

The Court finds that at this stage in the proceedings, and finding no undue delay, bad faith or dilatory motive on the part of the plaintiffs, justice requires that leave to amend the complaint be given, allowing joinder of the non-diverse employees of defendant Franklin Hills. Although defendant Franklin Hills argues that the employees sought to be added in the Amended Complaint are not indispensable, the Court finds it is too early at this juncture to determine their conduct and liability.

The Court notes that there appears to be a bona fide dispute on the issue of defendant's "nerve center" for determination of corporate citizenship, rendering the propriety of the removal in the first instance questionable. However, with the

**ORDER GRANTING MOTION
TO AMEND/REMAND -4**

filing of the Amended Complaint, diversity is lost.  The Amended Complaint alleges violation of Washington's Vulnerable Adult Statute and there are no federal statutes at issue in the Amended Complaint.  Therefore, the Court remands this case to Spokane County Superior Court.  Accordingly,

**IT IS HEREBY, ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Motion To Amend and To Remand (ECF No. 4) is **GRANTED**. Plaintiffs are directed to file their Amended Complaint and the above-entitled action is **REMANDED** to the Superior Court of Spokane County, Washington.

**IT IS SO ORDERED**.  The District Executive is directed to enter this order, forward copies to counsel, and **CLOSE FILE**.

**DATED** this 8th day of March, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION TO AMEND/REMAND -5**